F I L E D
Clerk
District Court

MAR 2 9 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

LEONARDO M. RAPADAS
United States Attorney
TIMOTHY E. MORAN
Assistant United States Attorney
DISTRICT OF THE NORTHERN
    MARIANA ISLANDS
Horiguchi Building, Third Floor
P. O. Box 500377
Saipan, MP 96950-0377
Telephone:  (670) 236-2982
Fax:        (670) 236-2985

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff,<br><br>v.<br><br>JIE HUANG,<br>   a/k/a "J,"<br>            Defendant. | Criminal Case No. 05-00003<br><br><br>PLEA AGREEMENT |

      Pursuant to Rule 11(c)(1)(B), the United States and JIE HUANG, a/k/a "J," enter into the following plea agreement:

      1.    On the understandings specified below, the Office of the United States Attorney for the Districts of Guam and the Northern Mariana Islands ("this Office") will accept a guilty plea from JIE HUANG, a/k/a "J," (the "defendant") to Count One of the Indictment. Count One charges the defendant with Conspiracy to Distribute and Possess With Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Sections 846,

841(a)(1) and 841(b)(1)(B). Count One carries a maximum sentence of 40 years' imprisonment, a mandatory minimum sentence of five years' imprisonment, a maximum fine of $2,000,000, a $100 special assessment, and supervised release for a maximum period of life.

2. In consideration of his plea to the above offense, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations as to which this Office cannot, and does not, make any agreement) for the conduct described in the Indictment. In addition, at the time of sentencing, the Government will move to dismiss any open Counts against the defendant. The defendant agrees that with respect to any and all dismissed charges he is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

3. The plea described herein must be entered no later than March 30, 2005 or this agreement shall be considered null and void.

4. In consideration of the foregoing and pursuant to Sentencing Guidelines §6B1.4, the parties hereby stipulate to the following:

Offense Level

a. U.S.S.G. § 2D1.1 applies to the offense conduct, which includes the drug quantities for each count.

b. The defendant's relevant conduct on the charges in the Indictment includes the distribution and possession with intent to distribute at least five grams but less than twenty grams of methamphetamine in the form of "ice." Accordingly, the base offense level under U.S.S.G. § 2D1.1(c)(7) is 26.

c. If the defendant allocutes to the crime charged in Count One of the Indictment to the satisfaction of the Court, a two-level reduction in the offense level for acceptance of responsibility is warranted under U.S.S.G. § 3E1.1(a).

d. If the defendant's plea of guilty to Count One of the Indictment is entered on or before March 30, 2005, the Government will move for an additional one level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b).

  e. If, at the time of sentencing, the defendant meets the criteria set forth in U.S.S.G. § 5C1.2(a) limiting applicability of the mandatory minimum sentence, a two-level reduction is warranted under U.S.S.G. § 2D1.1(b)(7).

  f. In accordance with the above, the applicable Guidelines offense level is 21.

### Criminal History Category

  g. Based upon the information now available to this Office (including representations by the defense), the defendant has no criminal history.

  h. In accordance with the above, the defendant's Criminal History Category is I.

### Sentencing Range

  i. Based upon the calculations set forth above, the defendant's stipulated sentencing Guidelines range is 37 to 46 months. In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to § 5E1.2. At Guidelines level 21, the applicable fine range is $7,500 to $75,000.

  5. Based upon the calculations set forth above, the defendant's sentencing range is 37 to 46 months. Title 21, United States Code, Section 841(b)(1)(B) requires a statutory minimum term of imprisonment of 60 months. Accordingly, absent relief from the statutory minimum sentence, the defendant's sentence would be 60 months, pursuant to Section 5G1.1(b) of the Sentencing Guidelines. If, at the time of sentencing, the defendant satisfies the conditions set forth in Title 18, United States Code, Section 3553(f) for relief from the statutory minimum sentence provision, the Government will recommend that the defendant be sentenced pursuant to the Sentencing Guidelines without regard to any statutory minimum sentence -- i.e., in the range of 37 to 46 months (hereinafter "the Stipulated Guidelines Range.").

  6. The defendant understands that to establish the offense of Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance, a violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(B), the government must prove each of the following elements beyond a reasonable doubt:

  a. First, that the there was an agreement between two or more persons to distribute and possess with the intent to distribute a controlled substance, namely methamphetamine in the form known commonly as "ice."

  b. Second, that the defendant became a member of the conspiracy knowing at least one of its objects and intending to help accomplish it.

7. The defendant further understands that the Government, in order for the statutory mandatory minimum of five years' imprisonment to be applicable, would have to prove beyond a reasonable doubt that the offense involved more than five grams of methamphetamine.

8. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

  a. the nature and elements of the charges and the mandatory minimum penalty provided by law and the maximum possible penalty provided by law;

  b. his right to be represented by an attorney;

  c. his right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

  d. that if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial; and

  e. that, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue.

9. Being fully advised of his rights as set forth in the preceding paragraph, the defendant represents that

        a.    the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

        b.    he reads, speaks, writes and understands English and has read and understood the this agreement <u>or</u> has had a qualified interpreter read the agreement to him in a language that he understands, and that he fully understood such translation; and

        c.    he is satisfied with the representation provided to him by his counsel.

10.    The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Probation Department consider such a departure or adjustment, or suggest that the Court *sua sponte* consider such a departure or adjustment.

11.    Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the JIE HUANG, nothing in this agreement limits the right of the parties (i) to present to the Probation Department or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Sentencing range set forth above (or such other range as the Court may determine) the defendant should be sentenced; (iii) to seek an appropriately adjusted Sentencing range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above. Nothing in this agreement limits the right of the government to seek denial of the adjustment for acceptance of responsibility, <u>see</u> U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, <u>see</u> U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this agreement.

12.    It is understood that pursuant to Sentencing Guidelines § 6B1.4(d), neither the Probation Department nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In

the event that the Probation Department or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

13. It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw his plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

14. It is further agreed (i) that the defendant will neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the stipulated Sentencing range set forth above and (ii) that the Government will not appeal any sentence within or above the stipulated Sentencing range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation.

15. The defendant hereby acknowledges that he has accepted this Plea Agreement and decided to plead guilty because he is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw his plea or to attack his conviction, either on appeal or collaterally, on the ground that the Government has failed to produce any discovery material, Jencks Act material, exculpatory material pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and impeachment material pursuant to Giglio v. United States, 405 U.S. 150 (1972) that has not already been produced as of the date of the signing of this Agreement.

16. It is further agreed that should the conviction(s) following JIE HUANG's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against JIE HUANG,

notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

17. It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

18. Apart from any written Proffer Agreement(s) that may have been entered into between this Office and JIE HUANG, this Agreement supersedes any prior understandings, promises, or conditions between this Office and JIE HUANG. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

DATED: 3/29 - 2005

JIE HUANG
Defendant

DATED: 3/28/05

ROBERT T. TORRES
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
District of the Northern Mariana Islands

DATED: 3/29/05

By: 
TIMOTHY E. MORAN
Assistant U.S. Attorney

-7-